1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

8
9
10
11
12
13
14
15
16
17
18

ROSE MARY RODRIGUEZ,

                Plaintiff,

    vs.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

                Defendant.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. CV-04-3134-AAM

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, INTER ALIA**

19
20

    **BEFORE THE COURT** are plaintiff's motion for summary judgment (Ct. Rec. 19) and the defendant's motion for summary judgment (Ct. Rec. 21).

21
22

**JURISDICTION**

23
24
25
26
27
28

    Rose Mary Rodriguez, plaintiff, applied for Disability Insurance Benefits ("DIB").  The application was denied initially and on reconsideration.  After timely requesting a hearing, plaintiff, represented by counsel, appeared and testified before Administrative Law Judge ("ALJ") Arnold Battise on January 26, 2004.  On May 24, 2004, the ALJ issued a decision denying benefits.  The Appeals Council denied a request for review and the ALJ's decision became the final decision of the

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT-    1**

1    Commissioner.  This decision is appealable to district court pursuant to 42 U.S.C. §
2    405(g).

3

4                           **STATEMENT OF FACTS**

5           The facts have been presented in the administrative transcript, the ALJ's
6    decision, the plaintiff's and defendant's briefs, and will only be summarized here.
7    At the time of the hearing, plaintiff was 54 years old.  She has a fifth grade
8    education.  She has past relevant work experience as a certified nurse's aide.
9    Plaintiff alleges disability since November 1, 2001, due to back pain and pain
10   arising from hip replacement surgery.

11

12                          **STANDARD OF REVIEW**

13          "The [Commissioner's] determination that a claimant is not disabled will be
14   upheld if the findings of fact are supported by substantial evidence...."  Delgado v.
15   Heckler, 722 F.2d 570, 572 (9th Cir. 1983).  Substantial evidence is more than a
16   mere scintilla, Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975),
17   but less than a preponderance.  McAllister v. Sullivan, 888 F.2d 599, 601-602 (9th
18   Cir. 1989); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573,
19   576 (9th Cir. 1988).  "It means such relevant evidence as a reasonable mind might
20   accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389,
21   401, 91 S.Ct. 1420 (1971).  "[S]uch inferences and conclusions as the
22   [Commissioner] may reasonably draw from the evidence" will also be upheld.
23   Beane v. Richardson, 457 F.2d 758, 759 (9th Cir. 1972); Mark v. Celebrezze, 348
24   F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a
25   whole, not just the evidence supporting the decision of the Commissioner.
26   Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989), quoting Kornock v. Harris,
27   648 F.2d 525, 526 (9th Cir. 1980); Thompson v. Schweiker, 665 F.2d 936, 939
28   (9th Cir. 1982).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT-        2**

1    It is the role of the trier of fact, not this court to resolve conflicts in evidence.

2    Richardson, 402 U.S. at 400.  If evidence supports more than one rational

3    interpretation, the court must uphold the decision of the ALJ.  Allen v. Heckler,

4    749 F.2d 577, 579 (9th Cir. 1984).

5    A decision supported by substantial evidence will still be set aside if the

6    proper legal standards were not applied in weighing the evidence and making the

7    decision.  Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433

8    (9th Cir. 1987).

9

10                                    **ISSUES**

11    Plaintiff argues the ALJ erred in rejecting the opinion of consultative

12    examining physician, Saleem R. Khamisani, M.D.   Plaintiff argues, in turn, that

13    the ALJ erred in finding that she has the residual functional capacity for a full

14    range of "light" work, and in relying on the Medical-Vocational Guidelines, 20

15    C.F.R.  § 404, Subpt. P, App. 2, to find her not disabled.

16

17                                  **DISCUSSION**

18    **SEQUENTIAL EVALUATION PROCESS**

19    The Social Security Act defines "disability" as the "inability to engage in

20    any substantial gainful activity by reason of any medically determinable physical

21    or mental impairment which can be expected to result in death or which has lasted

22    or can be expected to last for a continuous period of not less than twelve months."

23    42 U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be

24    determined to be under a disability only if her impairments are of such severity that

25    the claimant is not only unable to do her previous work but cannot, considering her

26    age, education and work experiences, engage in any other substantial gainful work

27    which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).

28    The Commissioner has established a five-step sequential evaluation process

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT-        3**

1  for determining whether a person is disabled.  20 C.F.R. § 404.1520; <u>Bowen v.</u>
2  <u>Yuckert</u>, 482 U.S. 137, 140-42, 107 S.Ct. 2287  (1987).  Step one determines if she
3  is engaged in substantial gainful activities.  If she is, benefits are denied.  20 C.F.R.
4  §  404.1520(a)(4)(i).  If she is not, the decision-maker proceeds to step two, which
5  determines whether the claimant has a medically severe impairment or combination
6  of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant does not have a
7  severe impairment or combination of impairments, the disability claim is denied.
8  If the impairment is severe, the evaluation proceeds to the third step, which
9  compares the claimant's impairment with a number of listed impairments
10  acknowledged by the Commissioner to be so severe as to preclude substantial
11  gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App.
12  1.  If the impairment meets or equals one of the listed impairments, the claimant is
13  conclusively presumed to be disabled.  If the impairment is not one conclusively
14  presumed to be disabling, the evaluation proceeds to the fourth step which
15  determines whether the impairment prevents the claimant from performing work
16  she has performed in the past.  If the claimant is able to perform her previous work,
17  she is not disabled.  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant cannot perform
18  this work, the fifth and final step in the process determines whether she is able to
19  perform other work in the national economy in view of her age, education and
20  work experience.  20 C.F.R. § 404.1520(a)(4)(v).

21      The initial burden of proof rests upon the claimant to establish a prima facie
22  case of entitlement to disability benefits.  <u>Rhinehart v. Finch</u>, 438 F.2d 920, 921
23  (9th Cir. 1971).  The initial burden is met once a claimant establishes that a
24  physical or mental impairment prevents her from engaging in her previous
25  occupation.  The burden then shifts to the Commissioner to show (1) that the
26  claimant can perform other substantial gainful activity and (2) that a "significant
27  number of jobs exist in the national economy" which claimant can perform.  <u>Kail v.</u>
28  <u>Heckler</u>, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT-    4**

**ALJ'S FINDINGS**

The ALJ found that plaintiff had "severe" physical impairments, including lower back pain and left hip and leg pain, however, these impairments, either alone or in combination, did not meet or medically equal any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1.  The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a full range of "light" work.[1]   More specifically, the ALJ found:

> She can lift and/or carry a maximum of twenty pounds occasionally and ten pounds frequently.  She can stand and/or walk (with normal breaks) for two hours at one time and not more than six hours total out of an eight hour work day; and she can sit (with normal breaks) for two hours at one time and not more than six hours total out of an eight hour work day.  She can occasionally climb stairs and balance, but she should avoid repetitive bending or stooping.  She can occasionally reach overhead, can do handling (gross manipulation), and can do fingering (fine manipulation).  She has no visual, hearing, or speaking limitations, and she has no environmental limitations.

(Tr. at p. 20).

According to the ALJ, this RFC precluded plaintiff's past relevant work as a nurse's aide because those duties likely required her to lift and/or carry in excess of twenty pounds.  The ALJ concluded, however, that considering plaintiff's capacity for a full range of "light" work, her age ("individual closely approaching advanced age"), education ("marginal"), and work experience (no transferable

---

[1] "Light" work means lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  It also involves a good deal of walking or standing, or involves sitting most of the time with pushing and pulling of arm or leg controls.  20 C.F.R. § 404.1567(b).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 5**

1  skills from past relevant work and/or transferability of skills not an issue),

2  Medical-Vocational Rule 202.11 directed a finding that she was "not disabled."

3

4  **RFC/OPINION OF EXAMINING PHYSICIAN**

5  Plaintiff contends the ALJ erred in finding that she had the RFC for a full

6  range of "light" work.  In that regard, plaintiff asserts the ALJ improperly rejected

7  the opinion of Dr. Khamisani to whom the plaintiff had been referred by the

8  Division Of Disability Determination Services for a consultative examination.  Dr.

9  Khamisani saw the plaintiff in December 2002.  His "Diagnosis And Discussion"

10  was as follows:

11          1. S/P bilateral hip replacement with significant left
              hip pain of unclear etiology.  Her extensive workup
12            has not revealed significant positive findings.  However,
              she did not seem to have any pain behavior on today's
13            exam and her pain seems to be real.

14          2. Mechanical low back pain with no evidence of
              radiculopathy.
15
              She definitely has an obvious atrophy of the left thigh
16            suggesting that she is not using her left lower extremity
              as much as the right lower extremity.  This also suggests
17            that her pain in the left hip is real.

18  (Tr. at p. 164).

19  Dr. Khamisani also opined that:

20          In her present status, she should avoid any prolonged
            standing for more than 15 minutes at a time, any climbing,
21          bending, twisting, stooping, squatting, or kneeling.  She
            should also avoid walking on uneven surfaces.  She has
22          no work-related restrictions for upper extremities.

23  (Tr. at p. 164).

24  The ALJ determined not to give Dr. Khamisani's opinion "significant

25  weight" because he only examined the plaintiff on one occasion.  (Tr. at p. 19).

26  The ALJ noted that certain non-examining State agency medical consultants had

27  concluded, based on their review of the record, that plaintiff had the ability to lift

28  and/or carry 10 pounds frequently and 20 pounds occasionally; the ability to stand

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT-    6**

and/or walk or sit for six hours in an eight hour workday; and that she could occasionally balance, stoop, kneel, crouch, crawl, and climb stairs or ramps (but never ladders). (Tr. at p. 20).

The opinion of an examining physician is entitled to greater weight than the opinion of a non-examining physician. The Commissioner must provide "clear and convincing reasons" for rejecting the uncontradicted opinion of an examining physician. The opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995)(citations omitted).

What the non-examining consultative physicians reviewed in this case included the medical records of James J. Haven, M.D., plaintiff's treating physician. One of the non-examining consultative physicians explained the basis for his August 2002 opinion regarding plaintiff's physical limitations as follows:

> 11-01 [November 2001] Dr Haven, TP [treating physician], released her to full activity but minimal walking and standing for present time. 2-02 [February 2002] he again states she can do lesser levels of walking and standing. RFC is projected for after foot fx [fracture] heals.[2]

(Tr. at p. 147). The other non-examining consultative physician also relied on Dr. Haven's assessment in rendering his December 2002 opinion regarding plaintiff's limitations. (Tr. at p. 174).

Dr. Haven never offered a specific opinion as to plaintiff's exertional and non-exertional limitations. He consistently noted that there were no objective findings supporting the degree of hip pain alleged by plaintiff (Tr. at pp. 153-160). In August of 2001, he gave the plaintiff "a slip to return to light work." (Tr. at p.

---

[2] In July of 2002, the plaintiff fractured the fifth metatarsal on her left foot. (Tr. at p. 153).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT-        7**

159).  In November 2001, he told the plaintiff to "get on with full activity and the like."  He indicated she was able to work "with an activity level that would include minimal walking and standing, at least for the present time."  (Tr. at p. 157).  In February 2002, Dr. Haven indicated he had told the plaintiff he thought the hip joint was normal and that there was "no sign of anything else going on."  (Tr. at p. 155).  He reiterated that he had "filled out a slip that suggests that she could return to work doing lesser levels of walking and standing."  (Tr. at p. 155).  In July 2002, Dr. Haven indicated that plaintiff was doing well and was not tender over the (foot) fracture site.  X-rays looked "excellent" and the fracture was "definitely healing."  (Tr. at p.151).  Dr. Haven suspected the plaintiff was "going to do very well."  (Tr. at p. 151).

Perhaps it is because there was not a specific opinion from Dr. Haven regarding plaintiff's exertional and non-exertional limitations that she was sent to Dr. Khamisani for an evaluation in December 2002.  Dr. Khamisani noted that in July 2002, plaintiff had fractured the fifth metatarsal in her left foot, but that this had since healed.  (Tr. at p. 161).  Therefore, the foot fracture appears to not have factored into Dr. Khamisani's opinion that plaintiff should stand for no more than 15 minutes at a time and not walk on uneven surfaces.  Furthermore, the foot fracture had no bearing on Dr. Haven's opinion that plaintiff could return to work involving "minimal" or "lesser" levels of walking and standing since that opinion preceded the date of the foot fracture (July 2002).  "Minimal" or "lesser" levels of walking or standing do not meet the requirement of "light" work that an individual be capable of a "good deal" of walking or standing.  Dr. Khamisani's opinion is more consistent with Dr. Haven's opinion than are the opinions of the non-examining consultative physicians.  The non-examining physician's August 2002 "projected" RFC for plaintiff following the healing of her foot fracture amounts to nothing more than speculation and is not supported by anything said by Dr. Haven.  Even though Dr. Haven indicated in November 2001 that plaintiff could perform a

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT-      8**

1  "minimal" amount of walking or standing "at the present time," in February 2002,

2  he still stated that plaintiff was limited to "lesser" levels of walking and standing.

3      In sum, the ALJ erred in not according "significant weight" to the opinion of

4  examining physician, Dr. Khamisani.  The ALJ did not provide "specific and

5  legitimate" reasons, supported by substantial evidence, for discounting Dr.

6  Khamisani's opinion.

7      Being unable to stand for more than 15 minutes at a time, as opined by Dr.

8  Khamisani, means plaintiff is not capable of performing a "full range" of "light"

9  work.  20 C.F.R. § 404.1567(b)("To be considered capable of performing a full or

10  wide range of light work, you must have the ability to do substantially all of these

11  activities").  Accordingly, the ALJ also erred in applying Medical-Vocational Rule

12  202.11 to find plaintiff "not disabled" since that rule assumes "functional capacity

13  to perform a wide or full range of light work."  20 C.F.R. § 404, Subpt. P., App. 2,

14  202.00(b).  See also Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1991)(use of

15  Medical-Vocational guidelines at step five is justified only where the claimant is

16  able to perform the full range of jobs in a given category, i.e, sedentary work, light

17  work, or medium work).

18      Neither Dr. Haven or Dr. Khamisani said anything about plaintiff's

19  capacities for lifting and sitting, and plaintiff apparently does not challenge the

20  ALJ's determination that she could lift and/or carry a maximum of twenty pounds

21  occasionally and ten pounds frequently, and that she could sit, with normal breaks,

22  for two hours at one time and not more than six hours out of an eight hour

23  workday.  Indeed, Dr. Khamisani stated plaintiff had "no work-related restrictions

24  for upper extremities" (Tr. at p. 164) and, as the ALJ noted, there is evidence in the

25  record that on an occasion in December 2003, plaintiff attempted to push a car that

26  would not start.  (Tr. at pp. 181 and 183).  Furthermore, in or about October 2002,

27  plaintiff completed 600 hours of beauty school, training to be a manicurist.

28  Classes lasted eight to eight and a half hours a day.  (Tr. at pp. 103 and 121).  The

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 9**

ALJ noted that plaintiff was able to "sit" through beauty school.  (Tr. at p. 20).
Substantial evidence in the record supports the ALJ's determination that plaintiff
could lift and/or carry a maximum of twenty pounds occasionally and ten pounds
frequently, and that she could sit, with normal breaks, for two hours at one time
and no more than six hours out of an eight hour workday.

## CONCLUSION

This case will be remanded to the ALJ for a hearing at which a vocational
expert shall be called to testify whether there are a "significant" number of jobs
involving "light" work which would be available to the plaintiff considering her
ability to stand for only 15 minutes at a time, to sit for two hours at a time (with
normal breaks) for a total of no more than six hours in an eight hour day, and
considering her non-exertional postural limitations as found by the ALJ
(occasionally climb stairs and balance; avoid repetitive bending and standing;
occasionally reach overhead).  If there are not a "significant" number of "light"
duty jobs available to the plaintiff considering these limitations,  it appears a
finding that plaintiff was disabled as of November 1, 2001 would be in order.  In
this regard, it is noted that if plaintiff were limited to "sedentary" work,[3] Medical-

---

[3] "Sedentary" work involves lifting no more than 10 pounds at a time and
occasionally lifting or carrying articles like docket files, ledgers, and small tools.
Although it involves sitting, a certain amount of walking and standing is often
necessary in carrying out job duties.  Jobs are sedentary if walking and standing are
required occasionally and other sedentary criteria are met.  20 C.F.R. §
404.1567(a).

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT-        10**

Vocational Rule 201.10 would direct a finding of disability for someone of her age (closely approaching advanced age), education (limited or less) and work experience (skilled or semiskilled-skills not transferable).

Plaintiff's motion for summary judgment (Ct. Rec. 19) is **GRANTED** and defendant's motion for summary judgment (Ct. Rec. 21) is **DENIED**.  Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's decision denying benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner for further proceedings as set forth above.

**IT IS SO ORDERED.**  The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel, and CLOSE the file.

**DATED** this   31ˢᵗ   of March, 2006.


s/ Alan A. McDonald
ALAN A. McDONALD
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT-        11**